### NATIONAL SANITARY RAG CO. v. HAMILTON, Collector of Customs, et al.

#### No. 3549–S.

District Court, N. D. California, S. D.

Aug. 19, 1933.

George M. Naus and Goodman, Bachrack & Brownstone, all of San Francisco, Cal., for plaintiff.

I. M. Peckham, U. S. Atty., of San Francisco, Cal., for defendant.

NORCROSS, District Judge.

Complainant by its bill of complaint prays that defendants be enjoined from further removing, detaining, and/or sequestering merchandise of complainant in the bill of complaint specifically described, and that they be directed mandatorily to forthwith release from their custody and redeliver to complainant all such merchandise in their possession. To the bill of complaint defendants interposed a motion to dismiss upon the grounds that the complaint does not state facts sufficient to constitute a cause of action in equity in favor of complainant or against defendants or within the jurisdiction of this court; that if a suit or action may be brought on the facts alleged the Secretary of the Treasury and the Commissioner of Customs are necessary parties.

It is alleged in the bill of complaint that complainant is engaged in the business of importing from Japan and other oriental countries various kinds of polishing, dusting, and mop cloths, and also rag and paper stock used chiefly for paper making, and also wiping rags; such merchandise being packed in bales of approximately 500 pounds each. That on February 25, March 6, and March 16, 1933, three several shipments totaling 630 bales were received by complainant at the Port of San Francisco upon which complainant paid the full duty assessed by the collector of customs against said merchandise, and in all respects fully complied with the requirements of the Tariff Act of 1930. That at the time of instituting the suit an additional one hundred and eighteen bales from a later shipment were on the dock at San Francisco. That at the time last-mentioned defendants already had in their possession thirty bales, of which many are duplicates, containing merchandise identically the same in character, quality, and quantity. That defendants have threatened to and will sequester and detain one bale of each mark, as in the complaint described, and continue to detain increasingly large quantities of complainant's merchandise, all being identical in character. These acts and threatened acts of a similar character are alleged to be without authority of law and to the serious injury of complainant.

Under date of January 11, 1933, the Bureau of Customs of the Treasury Department issued and promulgated a rule or regulation providing among other things as follows: "In the designation of examination, packages from importations of 'Japanese wipers', the collector shall designate one bale of each mark or grade in addition to the usual 10%, the extra bale to be delivered to the appraiser's stores under cord and seal, to be held by the appraiser for use as samples for presentation to the Custom Court in the event a protest is filed against the decision of the collector with respect to their classification. When the collector is satisfied that no protest will be filed, the sample bales may be released to the importer. The liquidations of entries covering importations of cotton rags of which full bales are being held as samples should be expedited by collectors and comptrollers, in order to eliminate any undue delay in the release of such bales if no protest is filed."

It is not seriously contended that the detention of the bales of merchandise as alleged in the bill of complaint was not in pursuance of the provisions of the regulation referred to, but it is contended by complainant that the regulation is void as in excess of the powers of the Secretary of the Treasury. Power is conferred on the secretary to prescribe rules and regulations. 19 USCA § 66. Section 499 of the Tariff Act of 1930 (19 USCA § 1499) provides: "Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except as otherwise provided in this chapter, until it has been inspected, examined or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement *or otherwise* and shall order such packages or quantities to be sent to the public stores or other places for such purpose. *Not less than one package* of every invoice and not less than *one package of every ten packages* of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, if of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. *The collector or the appraiser may require such additional packages or quantities as either of them may deem necessary.*" (Italics supplied.)

644

Construing the statute and the regulation together they do not appear to be in conflict. Commissioner v. Van Vorst (C. C. A.) 59 F. (2d) 677, 679.

We are also of opinion that complainant's remedy is not in this court, but is by protest and review of decision thereon by the United States Customs Court (19 USCA § 1515), from the decision of which appeal lies to the Court of Customs and Patent Appeals, and finally to the Supreme Court. 28 USCA § 308.

Having reached the conclusion that this court is without jurisdiction to consider and determine questions of the character presented in the bill of complaint, it is unnecessary to determine the further question, raised by the motion to dismiss, whether the Secretary of the Treasury and Commissioner of Customs otherwise would be necessary parties. In this connection, however, reference may be made to the recent decision of the Circuit Court of Appeals of this circuit in Moody v. Johnston, 66 F.(2d) 999.

For the reasons stated, it is ordered that the motion to dismiss be, and the same hereby is, granted.